# Exhibit 1

[ Proposed] Answer to Complaint

1   MARC E. ELIAS, ESQ. (D.C. Bar No. 442007) (*pro hac vice forthcoming*)
    COURTNEY A. ELGART, ESQ. (D.C. Bar No. 1645065) (*pro hac vice forthcoming*)
2   HENRY J. BREWSTER, ESQ. (D.C. Bar No. 1033410) (*pro hac vice forthcoming*)
    **PERKINS COIE LLP**
3   700 Thirteenth Street NW, Suite 800
    Washington, D.C. 20005-3960
4   Tel: (202) 654-6200
    melias@perkinscoie.com
5   celgart@perkinscoie.com
    hbrewster@perkinscoie.com
6
    ABHA KHANNA, ESQ. (Wash. Bar No. 42612) (*pro hac vice forthcoming*)
7   REINA A. ALMON-GRIFFIN, ESQ. (Wash. Bar No. 54651) (*pro hac vice forthcoming*)
    JONATHAN P. HAWLEY, ESQ. (Wash. Bar No. 56297) (*pro hac vice forthcoming*)
8   **PERKINS COIE LLP**
    1201 Third Avenue, Suite 4900
9   Seattle, Washington 98101-3099
    Tel: (206) 359-8000
10  akhanna@perkinscoie.com
    ralmon-griffin@perkinscoie.com
11  jhawley@perkinscoie.com

12  BRADLEY SCHRAGER, ESQ. (SBN 10217)
    DANIEL BRAVO, ESQ. (SBN 13078)
13  **WOLF, RIFKIN, SHAPIRO,**
    **SCHULMAN & RABKIN, LLP**
14  3556 E. Russell Road, Second Floor
    Las Vegas, Nevada 89120
15  Tel: (702) 341-5200
    bschrager@wrslawyers.com
16  dbravo@wrslawyers.com

17  *Attorneys for Proposed Intervenor-Defendants*
    *DNC Services Corporation/Democratic National*
18  *Committee, DCCC, and Nevada State*
    *Democratic Party*
19

20                  **UNITED STATES DISTRICT COURT**
                        **DISTRICT OF NEVADA**
21

22  DONALD J. TRUMP FOR PRESIDENT,          Case No.: 2:20-cv-01445-JCM-VCF
    INC., REPUBLICAN NATIONAL
23  COMMITTEE, and NEVADA REPUBLICAN
    PARTY,                                  **[PROPOSED] ANSWER TO**
24                                          **COMPLAINT FOR DECLARATORY**
                         Plaintiffs,        **AND INJUNCTIVE RELIEF**
25
         v.
26
    BARBARA CEGAVSKE, in her official
27  capacity as Nevada Secretary of State,

28

1          Defendant,

2    and

3    DNC SERVICES
     CORPORATION/DEMOCRATIC
4    NATIONAL COMMITTEE, DCCC, and
     NEVADA STATE DEMOCRATIC PARTY,
5
6          Proposed
           Intervenor-
7          Defendants.

8

9          Proposed Intervenor-Defendants DNC Services Corporation/Democratic National

10   Committee, DCCC, and Nevada State Democratic Party ("Proposed Intervenors"), by and

11   through their attorneys, submit the following Answer to Plaintiffs' Complaint for Declaratory

12   and Injunctive Relief ("Complaint"). Proposed Intervenors respond to the allegations in the

13   Complaint as follows:

14                                **INTRODUCTION**

15         1.    Proposed Intervenors agree that every eligible voter should be able to vote freely.

16   Paragraph 1 also contains mere characterizations, legal contentions, and conclusions to which no

17   response is required. To the extent a response is required, Proposed Intervenors deny the

18   allegations.

19         2.    Proposed Intervenors admit that Assembly Bill 4 was introduced on July 31,

20   2020. The remaining allegations in Paragraph 2 are mere characterizations, legal contentions,

21   and conclusions to which no response is required. To the extent a response is required, Proposed

22   Intervenors deny the allegations.

23         3.    Paragraph 3 contains mere characterizations, legal contentions, and conclusions to

24   which no response is required.

25         4.    Paragraph 4 contains mere characterizations, legal contentions, and conclusions to

26   which no response is required. To the extent a response is required, Proposed Intervenors deny

27   the allegations.

28

                                          2

5.      Paragraph 5 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

6.      Paragraph 6 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

7.      Proposed Intervenors admit that the language quoted appeared in an article published by the *New York Times*. The remaining allegations in Paragraph 7 are mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

8.      Paragraph 8 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

## JURISDICTION AND VENUE

9.      Paragraph 9 contains mere characterizations, legal contentions, and conclusions to which no response is required.

10.     Paragraph 10 contains mere characterizations, legal contentions, and conclusions to which no response is required.

## PARTIES

11.     Proposed Intervenors admit the allegations in Paragraph 11.

12.     Proposed Intervenors admit the allegations in Paragraph 12.

13.     Proposed Intervenors admit the allegations in Paragraph 13.

14.     Proposed Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 14.

15.     Proposed Intervenors admit that the Cook Political Report lists two of Nevada's four U.S. House of Representatives races as "competitive," with one of those as "likely Democratic" and the other as "lean Democratic." Proposed Intervenors are without sufficient

information or knowledge with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 15.

16.     Paragraph 16 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

17.     Paragraph 17 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

18.     Proposed Intervenors admit that Plaintiff Nevada Republican Party is a political party in Nevada with its principal place of business at 2810 West Charleston Blvd. #69, Las Vegas, Nevada 89102. Proposed Intervenors further admit that the quoted language in Paragraph 18 appears in the Bylaws of the Nevada Republican Central Committee. Plaintiffs are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 18.

19.     Proposed Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 19.

20.     Paragraph 20 contains mere characterizations, legal contentions, and conclusions to which no response is required.

21.     Proposed Intervenors admit the allegations in Paragraph 21.

**<u>BACKGROUND</u>**

22.     Paragraph 22 contains mere characterizations, legal contentions, and conclusions to which no response is required.

23.     Paragraph 23 contains mere characterizations, legal contentions, and conclusions to which no response is required.

24.     Paragraph 24 contains mere characterizations, legal contentions, and conclusions to which no response is required.

25.     Paragraph 25 contains mere characterizations, legal contentions, and conclusions

to which no response is required.

26.     Paragraph 26 contains mere characterizations, legal contentions, and conclusions to which no response is required.

27.     Paragraph 27 contains mere characterizations, legal contentions, and conclusions to which no response is required.

28.     Paragraph 28 contains mere characterizations, legal contentions, and conclusions to which no response is required.

29.     Paragraph 29 contains mere characterizations, legal contentions, and conclusions to which no response is required.

30.     Paragraph 30 contains mere characterizations, legal contentions, and conclusions to which no response is required.

31.     Paragraph 31 contains mere characterizations, legal contentions, and conclusions to which no response is required.

32.     Paragraph 32 contains mere characterizations, legal contentions, and conclusions to which no response is required.

33.     Paragraph 33 contains mere characterizations, legal contentions, and conclusions to which no response is required.

34.     Paragraph 34 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

35.     Paragraph 35 contains mere characterizations, legal contentions, and conclusions to which no response is required.

36.     Paragraph 36 contains mere characterizations, legal contentions, and conclusions to which no response is required.

37.     Paragraph 37 contains mere characterizations, legal contentions, and conclusions to which no response is required.

38.     Paragraph 38 contains mere characterizations, legal contentions, and conclusions

1    to which no response is required.

2        39.    Paragraph 39 contains mere characterizations, legal contentions, and conclusions

3    to which no response is required.

4        40.    Paragraph 40 contains mere characterizations, legal contentions, and conclusions

5    to which no response is required.

6        41.    Proposed Intervenors admit that approximately 9 out of every 10 ballots were cast

7    in person in the 2016 and 2018 election cycles. The remaining allegations in Paragraph 41 are

8    mere characterizations, legal contentions, and conclusions to which no response is required.

9        42.    Proposed Intervenors admit that the figures in Paragraph 42 were published by the

10   Secretary's office.

11       43.    Proposed Intervenors admit that the figures in Paragraph 43 were published by the

12   Secretary's office.

13       44.    Proposed Intervenors admit that the figures in Paragraph 44 were published by the

14   Secretary's office.

15       45.    Proposed Intervenors admit that the figures in Paragraph 45 were published by the

16   Secretary's office.

17       46.    Proposed Intervenors admit the allegations in Paragraph 46.

18       47.    Proposed Intervenors admit that DNC Services Corporation/Democratic National

19   Committee, DCCC, Nevada State Democratic Party, Priorities USA, and four individual

20   Nevadans filed a complaint in Nevada state court listing the Secretary, the Clark County

21   Registrar of Voters, the Washoe County Registrar of Voters, the Elko County Clerk, and the

22   Nevada Attorney General as defendants. Proposed Intervenors further admit that the lawsuit

23   sought to increase in-person voting opportunities and that the Republican National Committee

24   and the Nevada Republican Party intervened in the case. The remaining allegations in Paragraph

25   47 are mere characterizations, legal contentions, and conclusions to which no response is

26   required.

27       48.    Proposed Intervenors admit the allegations in Paragraph 48.

28

49.     Proposed Intervenors admit that the Clark County Registrar stated in a court filing that "[a]t the direction of local county officials," his office "is setting up two additional election day voting sites and will mail absent ballots to all registered voters, including inactive voters." Proposed Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 49.

50.     Proposed Intervenors admit that after receiving notice of Clark County's concessions, the *Corona* plaintiffs withdrew their motion for preliminary injunction. Proposed Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 50.

51.     Proposed Intervenors admit that the language quoted appeared in an article published in the *Las Vegas Review-Journal*. The remaining allegations in Paragraph 51 are mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the remaining allegations.

52.     Proposed Intervenors admit that the language quoted appeared in an article published in the *Las Vegas Review-Journal*, but Proposed Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 52.

53.     Proposed Intervenors admit that the language quoted appeared in an article published in the *Las Vegas Review-Journal*, but Proposed Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 53.

54.     Proposed Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 54.

55.     Proposed Intervenors admit that the language quoted appeared in an article published in the *Las Vegas Review-Journal*, but Proposed Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 55.

56.     Paragraph 56 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

57.     Proposed Intervenors admit that the language quoted appeared in an article published by InsiderNJ, but Proposed Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 57.

58.     Proposed Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 58.

59.     Proposed Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 59.

60.     Proposed Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 60.

61.     Proposed Intervenors admit that the language quoted appeared in an article published by InsiderNJ, but Proposed Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 61.

62.     Proposed Intervenors admit that the language quoted in Paragraph 62 appeared in articles published in the *Patterson Press* and InsiderNJ, but Proposed Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 62.

63.     Proposed Intervenors admit that the language quoted appeared in the report of the Commission on Federal Election Reform, Michael T. Morley's *Election Emergency Redlines* ("*Redlines*"), and the Seventh Circuit's opinion in *Griffin v. Roupas*. Paragraph 63 otherwise contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

64.     Proposed Intervenors admit that the language quoted in the first seven sentences

appeared in the report of the Commission on Federal Election Reform. Paragraph 64 otherwise contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

65.     Proposed Intervenors admit that the language quoted appeared in *Redlines*. Paragraph 65 otherwise contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

66.     Proposed Intervenors admit that the language quoted appeared in a 2012 study by the Pew Center on the States, but Proposed Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 66.

67.     Proposed Intervenors admit that the language quoted appeared in a 2010 study by the Caltech/MIT Voting Technology Project, but Proposed Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 67.

68.     Paragraph 68 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

69.     Proposed Intervenors admit that after Nevada's June 2020 primary election, Plaintiffs in *Corona v. Cegavske* amended their complaint. Proposed Intervenors further admit that trial was scheduled to begin on Monday, August 17, 2020. The remaining allegations in Paragraph 69 are mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

70.     Proposed Intervenors admit the allegations in Paragraph 70.

71.     Proposed Intervenors admit the allegations in Paragraph 71.

72.     Proposed Intervenors admit that Assembly Bill 4 was introduced in the afternoon on July 31, 2020. Proposed Intervenors further admit that Assembly Bill 4 is 64 pages single-

spaced. The remaining allegations in Paragraph 72 are mere characterizations, legal contentions, and conclusions to which no response is required.

73.     Proposed Intervenors admit the allegations in Paragraph 73.

74.     Proposed Intervenors admit the allegations in Paragraph 74.

75.     Proposed Intervenors admit that Assembly Bill 4 has 88 sections. The remaining allegations in Paragraph 75 are mere characterizations, legal contentions, and conclusions to which no response is required.

76.     Proposed Intervenors admit that the Secretary published an op-ed in the *Nevada Independent* titled "Nevada's voting laws do not need to be changed." The remaining allegations in Paragraph 76 are mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

77.     Paragraph 77 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

78.     Paragraph 78 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

79.     Paragraph 79 contains mere characterizations, legal contentions, and conclusions to which no response is required.

80.     Paragraph 80 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

81.     Proposed Intervenors deny the allegations in Paragraph 81.

82.     Proposed Intervenors deny the allegations in Paragraph 82.

83.     Paragraph 83 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny

1  the allegations.

2       84.    Paragraph 84 contains mere characterizations, legal contentions, and conclusions

3  to which no response is required. To the extent a response is required, Proposed Intervenors deny

4  the allegations.

5       85.    Paragraph 85 contains mere characterizations, legal contentions, and conclusions

6  to which no response is required. To the extent a response is required, Proposed Intervenors deny

7  the allegations.

8       86.    Proposed Intervenors admit the allegations in Paragraph 86.

9                              **<u>CAUSES OF ACTION</u>**

10                                **COUNT I**

11        **Violation of 3 U.S.C. § 1, 2 U.S.C. § 7, 2 U.S.C. § 1;**
**Elections Clause (U.S. Const. art. I § 4, cl. 1); Electors Clause (U.S. Const. art. II, § 1, cl. 4);**
12                **Supremacy Clause (U.S. Const. art VI, §2)**

13       87.    Proposed Intervenors incorporate by reference all of their responses in the

14  preceding and ensuing paragraphs as if fully set forth herein.

15       88.    Paragraph 88 contains mere characterizations, legal contentions, and conclusions

16  to which no response is required.

17       89.    Paragraph 89 contains mere characterizations, legal contentions, and conclusions

18  to which no response is required.

19       90.    Paragraph 90 contains mere characterizations, legal contentions, and conclusions

20  to which no response is required.

21       91.    Paragraph 91 contains mere characterizations, legal contentions, and conclusions

22  to which no response is required.

23       92.    Paragraph 92 contains mere characterizations, legal contentions, and conclusions

24  to which no response is required.

25       93.    Paragraph 93 contains mere characterizations, legal contentions, and conclusions

26  to which no response is required.

27       94.    Paragraph 94 contains mere characterizations, legal contentions, and conclusions

28

1    to which no response is required.

2        95.     Paragraph 95 contains mere characterizations, legal contentions, and conclusions

3    to which no response is required.

4        96.     Paragraph 96 contains mere characterizations, legal contentions, and conclusions

5    to which no response is required.

6        97.     Paragraph 97 contains mere characterizations, legal contentions, and conclusions

7    to which no response is required.

8        98.     Paragraph 98 contains mere characterizations, legal contentions, and conclusions

9    to which no response is required. To the extent a response is required, Proposed Intervenors deny

10    the allegations.

11        99.     Proposed Intervenors admit the allegations in Paragraph 99.

12        100.     Proposed Intervenors are without sufficient information or knowledge with which

13    to form a belief as to the truth or falsity of the allegations contained in Paragraph 100.

14        101.     Proposed Intervenors deny the allegations in Paragraph 101.

15        102.     Paragraph 102 contains mere characterizations, legal contentions, and conclusions

16    to which no response is required. To the extent a response is required, Proposed Intervenors deny

17    the allegations.

18        103.     Paragraph 103 contains mere characterizations, legal contentions, and conclusions

19    to which no response is required. To the extent a response is required, Proposed Intervenors deny

20    the allegations.

21        104.     Paragraph 104 contains mere characterizations, legal contentions, and conclusions

22    to which no response is required. To the extent a response is required, Proposed Intervenors deny

23    the allegations.

24        105.     Paragraph 105 contains mere characterizations, legal contentions, and conclusions

25    to which no response is required. To the extent a response is required, Proposed Intervenors deny

26    the allegations.

27        106.     Paragraph 106 contains mere characterizations, legal contentions, and conclusions

28

to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

## COUNT II

### Violation of the Equal Protection Clause (42 U.S.C. § 1983)

107.    Proposed Intervenors incorporate by reference all of their responses in the preceding and ensuing paragraphs as if fully set forth herein.

108.    Paragraph 108 contains mere characterizations, legal contentions, and conclusions to which no response is required.

109.    Paragraph 109 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

110.    Paragraph 110 contains mere characterizations, legal contentions, and conclusions to which no response is required.

111.    Paragraph 111 contains mere characterizations, legal contentions, and conclusions to which no response is required.

112.    Paragraph 112 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

113.    Proposed Intervenors admit the allegations in Paragraph 113.

114.    Proposed Intervenors admit the polling place figures in Paragraph 114. The remaining allegations are mere characterizations, legal contentions, and conclusions to which no response is required.

115.    Proposed Intervenors admit that Section 12(2)(b) of Assembly Bill 4 requires Washoe County to establish 25 vote centers on election day, and that the figures in Paragraph 115 are accurate for election day.

116.    Proposed Intervenors admit the vote center figures in Paragraph 116. The remaining allegations are mere characterizations, legal contentions, and conclusions to which no

response is required.

117.    Paragraph 117 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

118.    Paragraph 118 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

119.    Paragraph 119 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

120.    Paragraph 120 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

121.    Paragraph 121 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

**COUNT III**

**Violation of the Equal Protection Clause (42 U.S.C. § 1983)**

122.    Proposed Intervenors incorporate by reference all of their responses in the preceding and ensuing paragraphs as if fully set forth herein.

123.    Paragraph 123 contains mere characterizations, legal contentions, and conclusions to which no response is required.

124.    Paragraph 124 contains mere characterizations, legal contentions, and conclusions to which no response is required.

125.    Paragraph 125 contains mere characterizations, legal contentions, and conclusions to which no response is required.

126.    Paragraph 126 contains mere characterizations, legal contentions, and conclusions

1    to which no response is required.

2         127.    Paragraph 127 contains mere characterizations, legal contentions, and conclusions

3    to which no response is required. To the extent a response is required, Proposed Intervenors deny

4    the allegations.

5         128.    Paragraph 128 contains mere characterizations, legal contentions, and conclusions

6    to which no response is required. To the extent a response is required, Proposed Intervenors deny

7    the allegations.

8         129.    Paragraph 129 contains mere characterizations, legal contentions, and conclusions

9    to which no response is required. To the extent a response is required, Proposed Intervenors deny

10   the allegations.

11        130.    Paragraph 130 contains mere characterizations, legal contentions, and conclusions

12   to which no response is required.

13        131.    Paragraph 131 contains mere characterizations, legal contentions, and conclusions

14   to which no response is required.

15        132.    Paragraph 132 contains mere characterizations, legal contentions, and conclusions

16   to which no response is required. To the extent a response is required, Proposed Intervenors deny

17   the allegations.

18        133.    Paragraph 133 contains mere characterizations, legal contentions, and conclusions

19   to which no response is required. To the extent a response is required, Proposed Intervenors deny

20   the allegations.

21        134.    Paragraph 134 contains mere characterizations, legal contentions, and conclusions

22   to which no response is required. To the extent a response is required, Proposed Intervenors deny

23   the allegations.

24        135.    Paragraph 135 contains mere characterizations, legal contentions, and conclusions

25   to which no response is required. To the extent a response is required, Proposed Intervenors deny

26   the allegations.

27

28

**COUNT IV**

**Violation of the Equal Protection Clause (42 U.S.C. § 1983)**

136.    Proposed Intervenors incorporate by reference all of their responses in the preceding and ensuing paragraphs as if fully set forth herein.

137.    Paragraph 137 contains mere characterizations, legal contentions, and conclusions to which no response is required.

138.    Paragraph 138 contains mere characterizations, legal contentions, and conclusions to which no response is required.

139.    Paragraph 139 contains mere characterizations, legal contentions, and conclusions to which no response is required.

140.    Paragraph 140 contains mere characterizations, legal contentions, and conclusions to which no response is required.

141.    Paragraph 141 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

142.    Paragraph 142 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

143.    Paragraph 143 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

144.    Paragraph 144 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

145.    Paragraph 145 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

146.    Paragraph 146 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

147.    Paragraph 147 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

**COUNT V**

**Violation of the Right to Vote (42 U.S.C. § 1983)**

148.    Proposed Intervenors incorporate by reference all of their responses in the preceding and ensuing paragraphs as if fully set forth herein.

149.    Paragraph 149 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

150.    Paragraph 150 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

151.    Paragraph 151 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

152.    Paragraph 152 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

153.    Paragraph 153 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

154.    Paragraph 154 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny

the allegations.

**AFFIRMATIVE DEFENSES**

Proposed Intervenors set forth their affirmative defenses without assuming the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Moreover, nothing stated here is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the allegations in the Complaint. Proposed Intervenors reserve the right to amend or supplement their affirmative defenses as additional facts concerning defenses become known.

Proposed Intervenors allege as follows:

Plaintiffs fail to state a claim on which relief can be granted.

Plaintiffs have unclean hands and are otherwise equitably estopped from seeking the requested relief.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## PRAYER FOR RELIEF

WHEREFORE, Proposed Intervenors respectfully requests that this Court:

A.     Deny that Plaintiffs are entitled to any relief;

B.     Dismiss the complaint in its entirety, with prejudice; and

C.     Grant such other and further relief as the Court may deem just and proper.

DATED this 7th day of August 2020

**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**

By: */s/ Bradley Schrager*
    Bradley S. Schrager, Esq., SBN 10217
    Daniel Bravo, Esq., SBN 13078
    3556 E. Russell Road, Second Floor
    Las Vegas, Nevada 89120

    Marc E. Elias, Esq.*
    Courtney A. Elgart, Esq.*
    Henry J. Brewster, Esq.*
    **PERKINS COIE LLP**
    700 Thirteenth Street NW, Suite 800
    Washington, D.C. 20005-3960

    Abha Khanna, Esq.*
    Reina A. Almon-Griffin, Esq.*
    Jonathan P. Hawley, Esq.*
    **PERKINS COIE LLP**
    1201 Third Avenue, Suite 4900
    Seattle, Washington 98101

    *Attorneys for Proposed Intervenor-Defendants DNC Services Corporation/Democratic National Committee, DCCC, and Nevada State Democratic Party*

    *\*Pro hac vice applications forthcoming*